# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FADY S. WANNA,<br>　　Plaintiff,<br><br>v.<br><br>HEALTH SERVICES OF CENTRAL GEORGIA, INC., *et al.*,<br>　　Defendants. | CIVIL ACTION NO.<br><br>5:18-cv-00189-TES |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
_____

### FACTUAL BACKGROUND

Defendant Health Services of Central Georgia, Inc. ("HSCG"), employed Plaintiff from July 1, 2013, to September 30, 2015. In October 2016, HSCG announced that its employees would no longer be able to work for other facilities, a decision which Plaintiff claims would have eliminated 40% of his income. Based on this substantial income reduction, Plaintiff informed HSCG that he wished to terminate his employment for cause. Subsequently, Plaintiff filed suit in the Bibb County Superior Court, seeking relief for HGSC's alleged breach of Plaintiff's 2013 Employment Agreement and a declaration that he is not bound by the non-compete clause in the employment agreement. [Doc. 1-1].

On June 2, 2017, Plaintiff filed his First Amended Complaint [Doc. 1-3] in which he clarified the relief sought for his breach of contract claim. The amendment clarifies as follows:

> As explained the February 20, 2017 letter attached as Exhibit 3, Navicent is in breach of its contractual obligation to pay the following unpaid compensation to Dr. Wanna under the 2013 Employment Agreement [Doc. 26-2]:
>
>> 1. "Severance Payments pursuant to Section 4(b)(1)" of [Doc. 26-2];
>>
>> 2. "pursuant to Section 3(a) [of Doc. 26-2] for the Management Incentive Plan ("MIP") bonus earned in FY 2015 and unpaid";
>>
>> 3. "pursuant to Section 3(b) [of Doc. 26-2] for the Senior Executive Retirement Plan ("SERP") earned in FY 2015 and unpaid";
>>
>> 4. "interest on the MIP and SERP" under [Doc. 26-2]; and,
>>
>> 5. "legal fees in the amount of approximately $26,000 for which he seeks to be compensated with interest" "pursuant to Section 3(f) of the CMO Agreement" [Doc. 26-2].

Doc. 1-3.

On April 26, 2018, Plaintiff filed his fourth amended complaint which stated, "Dr. Wanna's claim for his SERP benefits (provided for in Section 3(b) of his 2013 Employment Agreement) is made pursuant to [the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA")] and the Defendants are in breach of their obligations under ERISA." [Doc. 1-10]. Subsequently, on May 25, 2018, Defendants, removed this case to federal court. [Doc. 1].

Plaintiff now moves to remand this case on the basis that Defendants failed to timely remove. [Doc. 3]. Plaintiff contends that his breach of contract claim is completely

2

preempted by ERISA and that Defendants knew or should have known that this case contained ERISA claims prior to the express inclusion of an ERISA count in his Fourth Amended Complaint. Defendants, on the other hand, argue that ERISA did not preempt this claim until Plaintiff specifically enumerated an ERISA cause of action in his Fourth Amended Complaint, filed April 26, 2018, and that their subsequent removal on May 25, 2018, was timely.

## DISCUSSION

### A. Standard of Review

Under the federal removal statute, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant must remove a case from state court to federal court within 30 days of the filing of the initial complaint, or "30 days after receipt by the defendant of a copy of an amended pleading motion, order or paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Removal is generally not favored, and the Court must narrowly construe federal removal statutes. *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). When a plaintiff moves to remand a case removed to federal court, the burden is on the defendant to prove the case belongs in federal court. *Conn. State Dental Ass'n v. Anthem*

*Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009). Moreover, when the Court reviews motions to remand, "ambiguities are generally construed against removal." *Whitt*, 147 F.3d at 1329.

Generally, a complaint must facially state a federal claim for removal based on subject matter jurisdiction to be proper. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. For S. Cal.*, 463 U.S. 1, 11 n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction.") (internal quotations omitted). However, "complete preemption is a narrow exception to the well-pleaded complaint rule and exists where the preemptive force of a federal statute is so extraordinary that it converts an ordinary state law claim into a statutory federal claim." *Conn. State Dental Ass'n*, 591 F.3d at 1343. If a state-law claim is completely preempted by federal law, it is considered to "arise under federal law," affording the federal courts federal-question jurisdiction. 28 U.S.C. § 1331. Therefore, if federal law completely preempts a state-law claim, removal is appropriate under Section 1441 if timely filed.

**B.  ERISA Preemption**

Plaintiff argues that his breach of contract claim is completely preempted by ERISA and that Defendants failed to remove the claim within 30 days of realizing that the claim arose under ERISA. Plaintiff's breach of contract claim is completely preempted by ERISA only if (1) he could have brought his claim under Section 502(a)(1)(B) of ERISA,

4

and (2) no other legal duty supports his claim. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). However, even if this this test is satisfied, this Court lacks jurisdiction over this case if Defendants failed to remove it within the time required by 28 U.S.C. § 1446. *Lewis v. Blue Cross Blue Shield of Ga.*, No. 3:14cv316-MHT, 2015 WL 1475610 (M.D. Ala. Mar. 31, 2015).

    1.    <u>Whether Plaintiff Could Have Brought This Claim Under Section 502(a)</u>.

To satisfy the first prong of the *Davila* test, Plaintiff must have been able to bring his claim under Section 502(a) of ERISA, which states in relevant part as follows:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought--
>
>> (1) by a participant or beneficiary--
>>
>>> (A) for the relief provided for in subsection (c) of this section, or
>>>
>>> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a).

Plaintiff could have brought his claim under this provision if (1) his claim falls within the scope of ERISA and (2) he has standing to sue under ERISA. *Conn. State Dental Ass'n*, 591 F.3d at 1350. In his First Amended Verified Complaint, Plaintiff specifically states that "[Defendant] is in breach of its contractual obligation to pay [Plaintiff] . . . pursuant to Section 3(b) [of the 2013 Employment Agreement] for the Senior Executive

5

Retirement Plan ("SERP") earned in 2015 and unpaid." [Doc. 1-3 at 4]. This claim is clearly within the scope of ERISA because Plaintiff is seeking to "recover benefits due to him under the terms of his" SERP plan, which the parties do not dispute is an employee benefit plan subject to ERISA. 29 U.S.C. § 1132(a)(1)(B).

Moreover, as an employee covered by the terms of the plan, Plaintiff is a beneficiary with standing to sue under ERISA, and HSCG is without a doubt an entity subject to suit under ERISA as Plaintiff's employer. *See Dye v. Hartford Life & Acc. Co.*, No. 5:13-CV-428 (MTT), 2014 WL 1379246, at *3-4 (M.D. Ga. Apr. 8, 2014) ("ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan."). Thus, Plaintiff could have brought his breach of contract claim under Section 502(a), and the first prong of the *Davila* test is met.

2. <u>Whether No Other Legal Duty Supports Plaintiff's Claim</u>.

Plaintiff's claim also satisfies the second prong of the *Davila* test because it does not arise from legal duties that are independent of those under ERISA. Independence turns on whether the "content of the claims necessarily requires the court to inquire into aspects of the ERISA plans because of the invocation of terms defined under the plans." *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010).

As early as his First Amended Complaint, Plaintiff indicates the existence of a SERP plan, which is referenced in his 2013 Employment Agreement. Specifically, Section 3(b) of the Agreement states:

> (b) <u>Retirement Plans</u>. Executive shall be eligible for participation in any deferred compensation plan or other retirement plan offered to similarly-situated employees of [HSCG] and its subsidiaries. Additionally, Executive shall be entitled to certain supplemental retirement benefits as may be accorded by [*REDACTED*] senior executives of [HSCG].

By clarifying in the First Amended Complaint that Defendants breached this provision of his employment agreement by refusing or failing to pay SERP benefits in 2015, Plaintiff effectively asks the Court to consider the SERP plan to consider who was obligated to pay the benefits under the plan, when such benefits accrued, to whom they could be paid, how long the benefits extended, and the events that would terminate the obligations of the parties to the plan. The Court would also need to determine whether the SERP plan was a "certain supplemental retirement benefit" or "other retirement plan offered to similarly-situated employees" covered under this provision of the Employment Agreement. Moreover, the SERP plan itself defines who is eligible to participate in the plan [Doc. 27, Art. III] and the events that would lead to termination of Plaintiff's participation in the plan and/or the employer's contribution to the plan [Doc. 27, Sections 3.3, 4.3, 5.2, 10.2]. Put simply, Defendants' argument that the claim revolves around a breach of the employment agreement rather than an ERISA plan is a non-starter in light of the fact that an interpretation of the provision of the employment agreement pertaining to SERP benefits necessarily requires a review of the ERISA SERP plan to determine the rights and duties imposed by the plan. Therefore, Plaintiff's breach of

contract claim also meets the second prong of the *Davila* test and is completely preempted by ERISA.

Finally, the fact that an ERISA-preempted claim is couched among other claims does not disturb the Court's federal-question jurisdiction over the case. "[W]here removal jurisdiction exists over a completely preempted claim, the district court has jurisdiction over any claims joined with the preempted claim." *Conn. State Dental Ass'n*, 591 F.3d at 1353. Thus, all of Plaintiff's claims are properly before the Court on the basis of federal-question jurisdiction.

### C. Timing for Removal

Having found that Plaintiff's claims are completely preempted, the Court need only determine at what time Defendants received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). As the Court previously indicated, Plaintiff's First Amended Complaint [Doc. 1-3] is the first pleading to implicate the SERP plan, from which Defendants could have ascertained that Plaintiff's breach of contract claim was in effect an ERISA claim. Thus, Defendants had 30 days from the date of the First Amended Complaint—June 2, 2017—to remove this case to federal court.

Despite Defendants' arguments that Plaintiff's claims did not become removable until he revised his Complaint in April 2018 to include an ERISA count, ERISA preemption specifically excepts Plaintiff's claims from the well-pled complaint rule and

8

allows the Court to find an ERISA claim even where a plaintiff does not facially plead such a claim. The First Amended Complaint, although devoid of any mention of ERISA, is the first pleading or other paper that both implicates the SERP plan and satisfies the *Davila* test. Thus, Defendants forfeited their ability to remove this case by failing to do so by July 3, 2017, and this case is **REMANDED** to the Bibb County Superior Court. All other pending motions are **TERMINATED AS MOOT**.

**SO ORDERED**, this 16th day of July, 2018.

**S/ Tilman E. Self, III**
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**