# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| FADY S. WANNA,<br>    Plaintiff,<br><br>v.<br><br>HEALTH SERVICES OF CENTRAL GEORGIA, INC., *et al.*,<br>    Defendants. | CIVIL ACTION NO.<br><br>5:18-cv-00189-TES |

**ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**
_____

On July 16, 2018, the Court entered an Order [Doc. 28] granting Plaintiff's Motion to Remand [Doc. 3]. Plaintiff now moves the Court for an award of attorney's fees incurred during the pendency of this action.

28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of removal." The Court may only award attorney's fees pursuant to Section 1447(c) if the party who removed the action "lacked an objectively reasonable basis for seeking removal." *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 890 (11th Cir. 2011) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). This standard does not require the Court to find that the removing party's position was "frivolous . . . or without foundation." *Id.* However, the statute's use of "may" denotes

that the Court is not required to award attorney's fees and may exercise its discretion in denying a motion under Section 1447(c). *See Martin*, 546 U.S. at 136.

In this case, Defendants had an objectively reasonable basis for removing this action: ERISA completely preempted Plaintiff's claims and afforded the Court jurisdiction over the matter. ERISA preemption is a complicated area of law that requires the Court and parties to a conduct a multistep test to determine if and when the plaintiff's claims give rise to an ERISA claim. Defendants' only fault, however, was failing to remove within a timely manner. Defendants presented plausible arguments about the date from which the time to remove could have run, and the Court's decision depended on its analysis of ERISA preemption and at what point Defendants should have known that Plaintiff's claims were preempted. In sum, the Court finds that Defendants' arguments—though ultimately unaccepted—were objectively reasonable given the complexities of the arguments and claims in this particular case. Accordingly, the Court **DENIES** Plaintiff's Motion for Attorney's Fees [Doc. 30].

**SO ORDERED**, this 13th day of August.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
